## John Czayka *v.* Joseph Danalowicz et al., Appellant.

*Assumpsit—Account stated—Evidence—Case for jury.*

In an action of assumpsit against a husband and wife to recover the balance alleged to be due on an account stated, it appeared that the plaintiff lived with defendants and turned over to them his earnings. He did so under an agreement that defendants should deduct therefrom a stipulated amount for his board and lodging, and retain the balance for him. The issue was one of fact as to whether the defendants were jointly indebted and whether the balance due the plaintiff had been fully paid. Under such circumstances, the case was for the jury and a verdict for the plaintiff will be sustained.

Argued October 13, 1926, Appeal No. 114, October T., 1926, by defendant, from judgment of M. C. Philadelphia County, November T., 1924, No. 620, in the case of John Czayka v. Joseph Danalowicz. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN and CUNNINGHAM, JJ. Affirmed.

Assumpsit on an account stated before CRANE, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $243.45. Defendants appealed.

*E'rror assigned,* among others, was the refusal of defendants' motion for judgment n. o. v.

*M. B. Elwert,* for appellant.

*Ralph S. Croskey,* for appellee.

OPINION BY CUNNINGHAM, J., March 3, 1927:

Plaintiff brought an action in the Municipal Court of the County of Philadelphia to recover from the defendants the sum of $180, with interest, as a balance due upon an alleged account stated and recovered a verdict for that amount. The defendants are husband and wife and the wife is a cousin of the plaintiff. At the conclusion of the testimony a point was submitted requesting binding instructions in favor of the husband. The learned trial judge refused the point and submitted the case to the jury, instructing them to find whether there is a balance due the plaintiff and, if so, "whether it is owing by the wife or by the wife and husband jointly as co-defendants." The jury found that defendants were jointly indebted to plaintiff in the amount claimed. The husband moved for judgment in his favor non obstante and now seeks a review of the action of the trial judge in refusing binding instructions, overruling his motion and entering judgment on the verdict. Under the assignments of error the only question involved is whether binding instructions should have been given in favor of the husband. In determining this question all the evidence and inferences therefrom favorable to the plaintiff must be taken as true and all unfavorable to him, if depending solely upon testimony, must be rejected: Cameron v. Townsend, App., 286 Pa. 393, and cases there cited. There were no writings of any kind be-

Opinion of the Court.    [89 Pa. Superior Ct.

tween the parties and the evidence consists of the conflicting testimony of plaintiff and Annie Danalowicz, one of the defendants, supplemented by the testimony of one witness called on behalf of the plaintiff.

Viewing the evidence for the plaintiff in accordance with the principles to which we have referred it may be said that the jury could have legitimately reached from it the following conclusions. From March 1, 1916, to May 1, 1917, plaintiff boarded with the defendants and during this period turned over to them his earnings as a laborer each week under an agreement that defendants should deduct weekly therefrom a stipulated amount for his board and lodging and retain the balance for him. About March 1, 1920, plaintiff, being about to go to Europe, called upon defendants at a farm upon which they lived and, both being present, demanded that they pay him the balance due him under the arrangement. Defendants stated that the amount due was $250 and said to him "You can safely go to Europe and we will send you to Europe the money"; the husband saying "I take a solemn oath that I will pay this money to you, because my conscience troubled me if I would not pay it." Upon the return of plaintiff from Europe in 1923, without having received any payments from defendants in the meantime, the demand was renewed and Annie Danalowicz paid him $40, and a few weeks later $30, on account, leaving a balance of $180, for which the suit was brought. These facts were flatly contradicted by Annie Danalowicz, who testified that the only balance ever due the plaintiff was the $70 which he admitted having received; but this conflicting testimony was for the jury and there was evidence from which the jury could find the conclusions above indicated. It is perhaps significant that the husband, who now appeals, was not called as a witness, nor does the record disclose any reason for failing to call him. A proposition argued at some

length in the brief of the learned counsel for appellant is that the promise of the husband above quoted was a promise to answer for the debt or default of another and, not being in writing, could not be made the foundation for the action. This question does not seem to have been raised in the court below and the suggestion is not worthy of serious consideration as there was evidence from which the jury could find that the undertaking of the husband was not a promise to answer for the debt or default of another but an original undertaking on his part under which he assumed a primary liability. Binding instructions for the appellant would not have been proper under the evidence adduced and the assignments of error are accordingly overruled.

Judgment affirmed.